## Supreme Court—Special Term—New York County.

*November,* 1886.

## PEOPLE *v.* SQUIRE AND FLYNN.

### DEPOSITION TO BE USED ON MOTION.

The provisions of section 885 of the Code of Civil Procedure for pro-
curing the affidavit of a person not a party to be used on a motion, do
not apply to criminal cases.

MOTION to vacate an *ex parte* order for the examination of
Charles Reilly, commissioner of jurors, made at Chambers, in
the First Department, on application of defendants.

The opinion states the facts.

*Randolph B. Martine,* district attorney, for the people, for the
motion.

*R. S. Newcombe,* for defendants, opposed.

ANDREWS, J.—This is a motion to vacate an *ex parte* order
for the examination of Charles Reilly, commissioner of jurors,
made at Chambers, by Mr. Justice CHURCHILL, on September
3, 1886, upon the application of the defendants.

The affidavit of the defendants' counsel, upon which such
order was granted, contains, among other things, the following
statement: "That deponent intends to make a motion in the
Court of General Sessions, or to the court in which the said
indictment is to be tried, to set aside the said indictment, and
therefore prays that the said Reilly may be directed to appear
before a referee, as required by section 885 of the Code, and
submit to an examination touching said matters herein."

The "Code," referred to in the statement above quoted, is
the Code of Civil Procedure, section 885, of which is as follows.
"When a party intends to make or oppose a motion in a court
of record, other than a court specified in subdivision 16, 17,
18 or 19 of section 2 of this act, and it is necessary for him to
have the affidavit or deposition of a person, not a party, to use

upon the motion, the court, or a judge authorized to make an order in the cause, may, in its or his discretion, make an order appointing a referee to take the deposition of that person. The order must be founded upon proof by affidavit that the applicant intends to make the motion, or that notice of a motion has been given, which the applicant intends to oppose. The affidavit must specify the nature of the motion, and must show that the affidavit or deposition is necessary thereon, and that such person has refused to make an affidavit of the facts which the applicant verily believes are within his knowledge. The order may be made upon or without notice. The person to be examined may be subpœnaed and compelled to attend, as upon the trial. The deposition, when taken, must be delivered to the attorney for the party who procured the order, unless the order provides for a different disposition thereof."

The authority to make the order in question for the examination of Mr. Reilly, if it exists at all, must be found in this section; and the district attorney moves to vacate the order upon the ground that the provisions of this section have no application to criminal cases, but must be construed as applicable to civil cases only. The question presented is not free from difficulty, and, though I do not understand that it is now of any practical consequence, so far as concerns the present case, whether the order shall or shall not be allowed to stand, it is considered important by the district attorney that the general question—whether orders of this description can be made in criminal cases—should be further considered upon a motion to vacate Judge CHURCHILL'S order, so that the matter may be in such position that, if it is necessary to do so, the question can be carried to a higher court for final adjudication.

Section 2 of the Code of Civil Procedure, referred to in said section 885, contains an enumeration of the courts of record of this State, and among them are a Court of Oyer and Terminer in each county, and the Court of General Sessions of the Peace in and for the city and county of New York.

Section 3333 of the Code is as follows: "The word 'action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution in a

court of justice by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Section 3335 is as follows: "Actions are of two kinds—1. civil; 2. criminal."

Section 3336 declares that "A criminal action is prosecuted by the people of the State, as a party, against a person charged with a public offense, for the punishment thereof."

Now, at the time the order for the examination of Mr. Reilly was made, an indictment had been found against the defendants Squire and Flynn in the said Court of General Sessions, and a motion was pending to remove the case into the Court of Oyer and Terminer, and, according to the letter of the provisions of the Code in the said sections above quoted, any judge of the Supreme Court, sitting in this district, had apparent authority to grant the order in question; and but for certain other provisions of the Code, and considerations, which, doubtless, in the hurry of business at Chambers escaped the attention of the learned judge who granted the order, it is doubtless whether his power to make the order could be successfully questioned.

Those other provisions are contained in section 3343, and are as follows "In construing this act the following rules must be observed, except where a contrary intent is expressly declared in the provision to be construed, or plainly apparent from the context thereof." . . . Subdivision 20. "The word 'action' refers to a civil action; the word 'judgment' to a judgment in such an action; the term 'special proceeding' to a civil special proceeding, the word 'order' to an order made in such an action or special proceeding."

It is not "expressly declared" in said section of the Code, nor elsewhere, nor is it "plainly apparent" from that section, or the context thereof, that the word "order," as therein used, includes "orders" in criminal as well as civil actions; and, under the rule of construction above quoted, and contained in the Code itself, it seems to me there is no escape from the conclusion that the word "order," as used in said section, refers to orders in civil actions only, and hence that the order for the examination of Mr. Reilly was unauthorized. Confirmation of this

view, if confirmation is deemed necessary, may be found in the facts—that the Code, in which said section 885 is contained, is the Code of Civil Procedure, and that, beyond any question, most of its provisions relate to civil actions and civil special proceedings; that said section is contained in title 3 of chapter 9, and that nearly all the provisions of such title obviously relate to depositions to be used in civil actions and proceedings; that we have a separate Code, which regulates practice in criminal actions, and which contains elaborate provisions in regard to compelling the attendance of witnesses, and the examination of witnesses conditionally and on commission; and that it seems reasonable to believe that if the legislature had thought it consistent with public policy to permit defendants in criminal cases to obtain orders for the examination of third parties. to be used on motions, express authority to that effect would have been given either in the Code of Criminal or Civil Procedure.

I have hesitated in coming to a conclusion different from that reached by the very experienced and learned judge who granted the order for the examination of Mr. Reilley, but, as I am convinced that he must have overlooked the provisions of section 3343 of the Code, above referred to, and as the conclusion reached by me is in accordance with the views of several of my associates, with whom I have thought it proper to confer, it follows that the said order must be vacated.